[Civ. No. 2129.   Third Appellate District.—November 10, 1920.]

## ELEANORE E. HOEFT, Appellant, v. A. M. HOTCH-KISS, Respondent.

[1] PARTNERSHIP—EXECUTION OF AGREEMENT—EVIDENCE—DIFFERENT AGREEMENT EXECUTED ON SAME DAY.—In an action involving the execution of an agreement of partnership, evidence that another agreement of partnership between the parties and a third party was entered into on the same day and for the same purpose was admissible as bearing upon the question of the probabilities of the situation.

APPEAL from a judgment of the Superior Court of Nevada County.   George L. Jones, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. B. White for Appellant.

W. E. Wright for Respondent.

BURNETT, J.—The action was brought for a partial accounting of an alleged partnership in the proceeds of a certain shipment of chrome ore made in June, 1918.

Plaintiff's claim of the partnership relation was based upon the asserted execution of the following written instrument:

"Nevada City, August 25, 1917.

"This is to certify that A. M. Hotchkiss and Eleanore E. Hoeft have this day and date entered into a partnership for the purpose of chrome mining on equal shares in every and all discoveries made by A. M. Hotchkiss during the term of this partnership and equal interest in any lease that may be secured by said A. M. Hotchkiss during the term of said partnership."

The cause was tried with a jury, and their finding was in favor of defendant generally, and also specially that no such agreement of partnership was made.

Two points are urged by appellant—one, that the evidence is insufficient to justify the verdict, and, second, that

the trial court erred in admitting certain evidence over the objection of appellant.

As to the first, it is surprising that it should be seriously urged. The defendant testified positively that he never signed said written instrument or entered into any such partnership. We cannot say from the record that he did not tell the truth, and his testimony is, of course, legally sufficient to support the finding of the jury. It is not disputed that plaintiff's whole cause of action was predicated upon the theory that said writing was signed by both parties, and having found upon sufficient evidence that said purported agreement was not so executed, the jury could consistently reach no other verdict.

[1] The other point relates to the evidence that another partnership agreement on the part of plaintiff, defendant, and one Bob Locke was entered into on said August 25th or thereabouts for said purpose of chrome mining, and that this partnership was subsequently recognized and admitted by appellant.

The purpose of the evidence was to make more probable the inference that no such agreement as claimed by appellant was executed, for it was hardly to be supposed that on the same day she would enter into two different partnership agreements with different parties for the same purpose. We think the evidence was admissible as bearing upon the question of the probabilities of the situation. One partnership was inconsistent with the other, and according to the recognized standard of human conduct we could not expect the average person to assume such an inconsistent attitude. The circumstance, therefore, was a proper one for the jury to consider in weighing the testimony of plaintiff and defendant to determine which was worthy of belief. In order to rebut the evidence of plaintiff, it was proper, of course, to ask the defendant if he entered into the particular partnership agreement, and to follow that with the question if he entered into *any* partnership agreement with her for said purpose. In answer to this latter question he would be permitted to state the nature of such agreement. The foregoing indicates virtually the course that was pursued.

Indeed, in the closing brief, appellant makes this statement: "Our contention in this matter is that this claim of

another and distinct partnership having been entered into between the plaintiff, defendant, and the third party, 'Locke,' was defensive matter and should have been pleaded by the defendant in his answer. If the same had been that would have altered the situation entirely.'' If we admit that it should have been set up in the answer, it would not follow that the judgment should be reversed. To the contrary we must hold that it should be affirmed for the reason that it does not appear that appellant was at all prejudiced by such omission. Appellant seems to lose sight entirely of the familiar principle that must control in the consideration of such alleged error.

Moreover, at the trial, when this objection was made to the admissibility of such evidence, respondent asked permission to amend his answer in that respect, but appellant stoutly protested and the court declined to permit the amendment. Under such circumstances this objection does not come with very good grace and should not be regarded with much favor.

Without multiplying words we may say that there does not appear to be any merit in the appeal.

The judgment and order are affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.